BLUE, Chief Judge.
Sinatra Leon Baker challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In Baker v. State, 795 So.2d 1030 (Fla. 2d DCA 2001), we reversed and remanded for further proceedings on one of Baker’s claims. Because the attachments to the trial court’s order on remand still do not refute Baker’s claim, we again reverse and remand for further proceedings.
In his motion, Baker alleged that “the State filed a notice of nolle prosequi in which it dismissed count two in case number CF89-4939, and that he was errone *198 ously sentenced to five years of probation on this count.” Baker, 795 So.2d at 1031. In its initial order denying Baker’s claim, the trial court attached a probation order that “makes no reference to any of the charges brought in case number CF89-4939.” Id. The trial court’s order on remand is a carbon copy of that portion of the initial order that denied Baker’s claim, and the same probation order is attached to the order on remand as was attached to the original order denying Baker’s claim. In fact, the only additional attachment is a notice of nolle prosequi dated January 1991 and filed with the clerk of the circuit court, which indicates that in case number CF89-4939 count two was one of six counts in a fifteen-count information that were nolle prossed. This attachment supports, and does not refute, Baker’s claim.
We therefore reverse and remand for further proceedings. If the trial court again denies Baker’s claim, it shall attach the written sentences in case number CF89-4939 and any other portions of the record that conclusively refute the claim.
Reversed and remanded.
CASANUEVA and STRINGER, JJ, Concur.